Reid A. Winthrop (SBN 223527)
**WINTHROP LAW GROUP, P.C.**
120 Newport Center Dr.
Newport Beach, California 92660
Phone: 949-269-3256 | Fax: 949-209-1919
reid@winthroplawgroup.com

Jed Chedid, Esq. (OH SBN 101457)
**Chedid & Co.**
38355 Terrell Dr.,
North Ridgeville, Ohio
T: 440-581-2075
Email: jchedid@chedidlegal.com
(Pro Hac Vice Application Pending)

Attorneys for Plaintiff USA Herald LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA HERALD LLC, | Case |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT FOR VIOLATION OF 17 USCS § 512(F) AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF** |
| JOHN MONARCH, et al., | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1

Now comes Plaintiff USA Herald LLC ("USA Herald"), by and through undersigned counsel, and for its Complaint against Defendant John Monarch ("Mr. Monarch") and Doe Defendants 1-20 ("Doe Defendants"), states and alleges the following on information and belief:

## NATURE OF THE ACTION

1.  Mr. Monarch – a blackmailer - is relentless in his predation of Richard Gorman ("Mr. Gorman") and his businesses. (*See* Declaration of Richard Gorman, attached hereto as **Exhibit A**, at ¶ 2.)

2.  Mr. Monarch is a self-proclaimed technology executive and cryptocurrency expert who has spent his career engaged in scams. (*Id*., at ¶ 3.)

3.  What Mr. Monarch clouds as legitimate business pursuits are schemes to defraud. (*Id*., at ¶ 4.) For example, Mr. Monarch has owned either directly or through controlling entities negative option free trial weight loss scams which have amassed thousands of consumer complaints. (*Id*., at ¶ 5.)

4.  Additionally, a cryptocurrency offering created by Mr. Monarch, ShipCoin, was fined $2.05 million by the Securities Exchange Commission for the sale of unregistered securities and subsequently shutdown. (*Id*., at ¶ 6.)

5.  For over a decade, Mr. Monarch has engaged in an unlawful scheme to injure Mr. Gorman's business and professional reputation. (*Id*., at ¶ 7.)

6.  First, Mr. Monarch began by engaging in a blackmail scheme of Mr. Gorman – demanding $500,000 in cryptocurrency from him or Mr. Monarch would proceed a defamatory smearing of Mr. Gorman's name and reputation. (*Id*.)

7.  When Mr. Gorman refused to pay Mr. Monarch, Mr. Monarch began using websites along with social media posts to defame Mr. Gorman until he complied and sent the $500,000 in bitcoin to Mr. Monarch. (*Id*., at ¶ 8.) This defamation included what can only be described as horrific statements, including, among other things, assertions that Mr. Gorman's daughter was born from a rape.

(*Id.*)

8. On August 8, 2014, Mr. Gorman filed suit against Mr. Monarch in the Court of Common Pleas of Greenville, South Carolina, for defamation and civil conspiracy. (*Id.*, at ¶ 9.)

9. The Greenville South Carolina Court found Mr. Monarch in contempt for failure to comply with discovery orders on February 26, 2025, held Mr. Monarch in default, assessed him a fine of $7,500, struck his responsive pleading, and denied his motion for summary judgment. (*Id.*, at ¶ 10.); (February 26, 2025, Order, attached hereto as **Exhibit B**.)

10. Especially pertinent, the Greenville Court held that "[a]fter much deliberation, the Court finds that the Defendant has willfully destroyed or removed relevant and material evidence, which most like[ly] occurred after discovery had been presented to him and after he was Ordered by the Court to do so." (*Id.*, at ¶ 11.); (**Exhibit B**.)

11. Mr. Gorman also filed suit against Mr. Monarch and his partners in the Court of Common Pleas of Philadelphia County, which was removed on February 11, 2014, to the U.S. District Court of the Eastern District of Pennsylvania. (**Exhibit A**, at ¶ 13.)

12. On March 20, 2015, Mr. Monarch's blackmail culminated in a judgment for defamation against Mr. Monarch's partner and co-defendant, Karl F. Steinborn, for $3,047,608.05 – along with the granting of a permanent injunction precluding Mr. Steinborn from defaming Mr. Gorman. (*Id.*, at ¶ 14.); (See March 20, 2015, Order, attached hereto as **Exhibit C**.)

13. In addition, the court issued a permanent injunction ordering Mr. Steinborn to "[c]ease and desist defaming Plaintiff Rich Gorman, including defaming Plaintiff or Plaintiff's family or employees orally, defaming plaintiff online, or in any other method of communication;" and "[r]emove the defamation of Plaintiff Gorman referenced in the First Amended Complaint, to the extent that it

still exists in any online form or otherwise, and to prevent further reposting and/or republication of the defamatory material; and to remove the subsequent defamation of Plaintiff Gorman." (*Id*., at ¶ 15.); (**Exhibit C**.)

14. Although Mr. Gorman was proven to be the victim of a scheme in Court, Mr. Monarch began to utilize the Digital Millennium Copyright Act ("DMCA") and Google, LLC's ("Google") internal policies by issuing false notices under 17 U.S.C.S. §512(f) ("DMCA takedown(s)") in an attempt to de-index Mr. Gorman's online publication – USA Herald, from Google search results. (**Exhibit A**, at ¶ 21.)

15. USA Herald is an investigative publication owned by Richard Gorman which posts articles and news publications. (*Id*., at ¶ 17.)

16. USA Herald is a full scope news publication, publishing numerous articles on its website on a daily basis and generating consistent ad-revenue. (*Id*., at ¶ 18.)

17. Among other topics, USA Herald has posted articles about Mr. Monarch, including, but not limited to, articles that: (1) the SEC shut down an approximately $30,000,000 fraud that Mr. Monarch was involved in; and that (2) Mr. Monarch's cryptocurrency – Shipchain, was ordered to pay $2,000,000 to the SEC for the sale of securities not registered with the SEC. (*Id*., at ¶ 19.)

18. All of the information published about Mr. Monarch is factual, true, and newsworthy. (*Id*., at ¶ 20.)

19. USA Herald has a presence on Google search results and utilizes that presence to generate revenue. (*Id*., at ¶ 38.)

20. As early as 2021, Mr. Monarch has been submitting, or having agents submit on his behalf, false DMCA takedowns in violation of 17 USCS § 512(f) to Google against USA Herald with the intention of having the articles de-indexed from the Google search platform. (*Id*., at ¶ 22.)

21. Although USA Herald has submitted counter-notices, Mr. Monarch's intentional and continuous conduct resulted in a de-indexing of some pages of USA

Herald from the Google search platform, resulting in significant damages. (*Id.*, at ¶ 41.)

22. Upon information and belief, Google's internal policy provides that when Google receives a high volume of DCMA removal requests which it finds valid, it is able to use the volume of the removal requests to demote other an accused infringer's other content from the site in its search results. (*Id.*, at ¶ 43.)

23. Per Google's policies, and given Mr. Monarch's likelihood to submit additional DMCA requests, Mr. Monarch's past and future conduct may result in immediate and permanent damage to USA Herald and its online presence. (*Id.*, at ¶¶ 44-45.)

## **THE PARTIES**

24. USA Herald incorporates the allegations set forth in Paragraphs 1-23 as if fully restated herein.

25. USA Herald is a limited liability corporation, with its principal place of business in the state of Delaware.

26. Defendant John Monarch is an individual and a resident of Greenville, South Carolina.

27. John Does 1-20 are individuals whose addresses are unknown, and who are not yet known themselves, who may be liable for the conduct set forth in this Complaint.

## **JURISDICTION AND VENUE**

28. USA Herald incorporates the allegations set forth in Paragraphs 1-27 as if fully restated herein.

29. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claim is made under the DMCA.

30. The counter-notification submitted by Defendants designated an address in Newport Beach, California. Therefore, pursuant to 17 U.S.C.S. § 512(g)(3)(D),

1   jurisdiction is proper in this Court.

2   ## FACTUAL BACKGROUND

3   31. USA Herald incorporates the allegations set forth in Paragraphs 1-30 as if
4   fully restated herein.

5   32. The following are violations that take place after March 15, 2022, and
6   therefore fall within the statute of limitations for copyright claims under the
7   DMCA.

8   **First False DMCA Notice**

9   33. USA Herald incorporates the allegations set forth in Paragraphs 1-32 as if
10  fully restated herein.

11  34. Upon information and belief, on May 17, 2022, Mr. Monarch had an
12  unknown individual identified as "Gim Wilson," send a DMCA Takedown to
13  Google. (**Exhibit A.**, at ¶ 23.) (Lumen Database Copyright Claim 1, attached hereto
14  as **Exhibit D**.)

15  35. This DMCA takedown indicated that USA Herald infringed on the
16  copyright of Mr. Monarch. (**Exhibit A**, at ¶ 25.); (**Exhibit D**.)

17  36. This is untrue and has no factual or legal basis. (**Exhibit A.**, at ¶ 25.)

18  37. Upon information and belief, Mr. Monarch had actual knowledge that
19  this was untrue and/or failed to consider the potential that the allegedly infringing
20  material was unprotectable.

21  **Second and Third False DMCA Notices**

22  38. USA Herald incorporates the allegations set forth in Paragraphs 1-37 as if
23  fully restated herein.

24  39. On October 21, 2024, Mr. Monarch submitted two DMCA takedowns to
25  Google with identical descriptions of "[a] photo of myself that I wholly own the
26  rights to, and have not authorized any sort of derivative works thereof." (**Exhibit A**,
27  ¶ 27); (See Lumen Database Copyright Claims 2 and 3, attached hereto as **Exhibits**

28

**E and F**.)

40. These DMCA takedowns indicated that USA Herald infringed on the copyright of Mr. Monarch. (**Exhibit A**, at ¶ 29.)

41. This is untrue and has no factual or legal basis. (*Id*.)

42. Upon information and belief, Mr. Monarch does not own the copyright to one of the photographs he reported because the photograph is a screen-grab from a video made by an organization called Decentralized during a conference in 2018 in Athens, Greece. (*Id*., at ¶ 30.)

43. This photograph was published by USA Herald in an article about Mr. Monarch's misconduct. (*Id*.)

44. Decentralized recorded and posted, via YouTube, the speeches of the speakers who came to the decentralized conference – including Mr. Monarch. (*Id*., at ¶ 31.)

45. The other photograph central to Mr. Monarch's DMCA claim is a portrait and caricature of Mr. Monarch owned by USA Herald. (*Id*., at ¶ 32.)

46. This photograph was created by a designer that USA Herald hired and commissioned specifically to create the photograph. (*Id*.)

47. This photograph is not transformative of any work that was owned by Mr. Monarch. This photograph only bears a passing resemblance to Mr. Monarch and is an original creation. (*Id*., at ¶ 33.)

48. Mr. Monarch, nor his agents, recorded, created, or are the copyright owners of the photographs which were the subject of Mr. Monarch's DMCA Complaint. (*Id*., at ¶ 34.)

49. Upon information and belief, Mr. Monarch had actual knowledge that his statement that he was the copyright owner was untrue and/or failed to consider the potential that the allegedly infringing material was unprotectable.

**Fourth False DMCA Notice**

50. USA Herald incorporates the allegations set forth in Paragraphs 1-49 as if

fully restated herein.

51. On November 7, 2024, Mr. Monarch submitted a DMCA takedown report to Google with a description of "A screenshot of a video of John Monarch speaking." (**Exhibit A**, at ¶ 35.); (Lumen Database Copyright Claim 4, attached hereto as **Exhibit G**.)

52. This DMCA takedown indicated that USA Herald infringed on the copyright of Mr. Monarch. (*Id*., at ¶ 35.)

53. This is untrue and has no factual or legal basis. (*Id*., at ¶ 37.)

54. Upon information and belief, Mr. Monarch does not own the copyright to this photograph as the photograph is a screen-grab from a video made by an organization called Decentralized during a conference in 2018, in Athens, Greece. (*Id*.)

55. Decentralized recorded and posted, via YouTube, the speeches of the speakers who came to the decentralized conference – including Mr. Monarch. (*Id*.)

56. Upon information and belief, Mr. Monarch had actual knowledge that his statement that he was the copyright owner was untrue and/or failed to consider the potential that the allegedly infringing material was unprotectable.

### Fifth False DMCA Notice

57. USA Herald incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

58. On December 10, 2024, Mr. Monarch submitted a DMCA takedown report to Google with a description of "A video of John Monarch speaking at an event in Athens, Greece." (**Exhibit A**, at ¶ 38.); (See Lumen Database Copyright Claim 5, attached hereto as **Exhibit H**.)

59. This DMCA takedown indicated that USA Herald infringed on the copyright of Mr. Monarch. (*Id*.)

60. This is untrue and has no factual or legal basis. (*Id*., at ¶ 40.)

61. Upon information and belief, Mr. Monarch does not own the copyright to

this photograph as the photograph is a screen-grab from a video made by from a video from an event during a conference in 2018. (*Id*.)

62. Upon information and belief, Mr. Monarch had actual knowledge that his statement that he was the copyright owner was untrue and/or failed to consider the potential that the allegedly infringing material was unprotectable.

## CAUSES OF ACTION

### Five Counts

### 17 U.S.C.S. § 512(f)

63. USA Herald incorporates the allegations set forth in Paragraphs 1-62 as if fully restated herein.

64. Mr. Monarch has violated 17 U.S.C.S. § 512(f).

65. At all relevant times, Mr. Monarch knowingly misrepresented that material posted by USA Herald is infringing on his copyright.

66. Mr. Monarch had actual knowledge that this was untrue and/or failed to consider the potential that the allegedly infringing material was unprotectable.

67. Under 17 U.S.C.S. § 512(c)(3)(A)(v), Mr. Monarch was required to make a statement that he had a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law, each time he submitted a DMCA takedown request.

68. Mr. Monarch or his agents made these statements at least five times, and each time they were false.

69. USA Herald was injured by Mr. Monarch's false representations.

70. Upon information and belief, in reliance on Mr. Monarch's false reports, Google de-indexed USA Herald's presence on the Google Search results.

71. Mr. Monarch's violations were malicious and done with reckless disregard of the damage to USA Herald.

72. As a result of Mr. Monarch's violations of 17 USCS § 512(f), USA Herald has been damaged and will continue to be damaged, including, but not

limited to, loss of goodwill on the Google platform, damage to USA Herald's reputation, lost advertisement placement, and costs and fees associated with remedying the consequences of Mr. Monarch's false DMCA takedowns.

### REQUEST FOR RELIEF

WHEREFORE, USA Herald respectfully requests that this Honorable Court provide the following relief:

– Incidental, special, consequential, compensatory, punitive, and treble damages;

– Reasonable attorney's fees and the full costs of this action;

– Preliminary and Permanent Injunctive Relief as follows:

1. Restraining Mr. Monarch and his agents from taking any actions to remove or disable access to content hosted on the USA Herald platform, including by submitting DMCA Takedowns; and

2. To the extent that Mr. Monarch has taken such actions already, for those actions to be retracted or cancelled;

– All other relief to which USA Herald is entitled.

DATED: March 24, 2025                     WINTHROP LAW GROUP, P.C.

By:    _/s/ Reid Winthrop_
                REID A. WINTHROP
                Attorneys for Plaintiff,
                USA Herald LLC


DATED: March 24, 2025                     CHEDID & CO.

By:    _/s/ Jed Chedid_
                JED CHEDID
                Attorneys for Plaintiff,
                USA Herald LLC
                (*Pro Hac Vice Application Pending*)

1

## **VERIFICATION**

2  I, Richard Gorman, declare:

3      I am the owner of Plaintiff USA Herald LLC. I have read the foregoing

4  Plaintiff's Verified Complaint For Violation Of 17 USCS § 512(F) And

5  Preliminary And Permanent Injunctive Relief, and know the contents thereof. The

6  same is true of my own knowledge except as to those matters which are herein

7  alleged on information and belief and, as to those matters, I believe them to be true.

8      I declare under penalty of perjury under the laws of the State of California

9  and the United States of America that the foregoing is true and correct. Executed

10  this 23 day of March, 2025, at Philadelphia, Pennsylvania.

11

12  _____

13                        Richard Gorman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY TRIAL DEMAND

Plaintiff USA Herald LLC hereby demands a jury trial on all claims for relief.

DATED: March 24, 2025                WINTHROP LAW GROUP, P.C.

By:    /s/ *Reid Winthrop*
             REID A. WINTHROP
             Attorneys for Plaintiff,
             USA Herald LLC

DATED: March 24, 2025                CHEDID & CO.

By:    /s/ *Jed Chedid*
             JED CHEDID
             Attorneys for Plaintiff,
             USA Herald LLC
             (*Pro Hac Vice Application
             Pending*)