UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00569-MEMF-KES | Date | November 13, 2025 |
| Title | USA Herald LLC v. John Monarch et al | | |

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES [DKT NO. 126]**

This Court is in receipt of the Defendants' Ex Parte Application for Clarification filed on October 28, 2025. Dkt. Nos. 58, 59, 60, 61 ("Mot.") and Plaintiff's Opposition filed on October 29, 2025. Dkt. No. 62 ("Opp."). The Court, having considered the Ex Parte Application and Opposition, hereby DENIES the Ex Parte Application for the reasons stated herein.

### I.    Factual and Procedural Background

The Court extensively described the facts at issue in this action and made detailed findings of fact in its previous Order which stayed proceedings for Plaintiff's Motion for Preliminary Injunction pending resolution of Defendants' Motion to Dismiss. Dkt. No. 57 ("Stay Order"). The Court will briefly restate relevant facts here.

The action stems from a defamation suit by Richard Gorman, owner of Plaintiff USA Herald LLC, against Defendants John Monarch and his partners in the Court of Common Pleas of Philadelphia County. Stay Order at 2. The suit relates Monarch's endeavor to injure Gorman by using websites and social media posts to defame Gorman until Gorman sent Monarch $500,000. *Id.* Since 2021, Defendants have submitted to Google numerous Digital Millenium Copyright Act ("DMCA") takedowns against Plaintiff in an effort to have Plaintiff's articles removed from Google searches. *Id.* The takedowns resulted in the de-indexing of several of Plaintiff's webpages from the Google search platform. *Id.* at 2-3.

On March 24, 2025, Plaintiff filed suit in this Court alleging Defendant violated 17 U.S.C. § 512(f). *Id.* at 3. On March 26, 2025, Plaintiff filed a Motion for Preliminary Injunctive Relief. *Id.* On June 3, 2025, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. *Id.* Defendant also filed an Ex Parte Application to Stay Plaintiff's Motion for Preliminary Injunctive Relief on June 3, 2025. *Id.* The Court, denied the Ex Parte Application June 16, 2025. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-00569-MEMF-KES | Date | November 13, 2025 |
|---|---|---|---|
| Title | *USA Herald LLC v. John Monarch et al* | | |

On July 9, 2025, Defendants filed a Motion to Stay Plaintiff's Motion for Preliminary Injunctive Relief. *Id.* On October 21, 2025, the Court granted Defendants Motion to Stay and ordered that Plaintiff's Motion for Preliminary Injunctive Relief stayed pending resolution of Defendants' Motion to Dismiss, which is set for hearing on December 11, 2025. *Id.* The Stay Order provided that: "Monarch has offered not to submit any DMCA takedown requests while the Court decides the Motion to Dismiss and the Motion for Preliminary Injunctive Relief if USA Herald does not post any new photos or images of Monarch during the pendency of these motions." *Id.* at 6.

Plaintiff submitted DMCA takedown counternotices in an attempt to have Google restore previous de-indexed content on October 22, 2025. Dkt. No. 62-1.

On October 28, 2025, Defendants filed the instant Motion, seeking the Court to clarify whether the Stay Order prohibits Defendants from opposing Plaintiff's DMCA takedown counternotices. Mot. Plaintiff filed their Opposition on October 29, 2025. Opp. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## II. Applicable Law

A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order, § XII ("[E]x parte applications are solely for extraordinary relief.").

## III. Discussion

Defendants advance that the Stay Order was intended to keep the "status quo" regarding the parties' conduct related to the alleged infringing content at issue. Mot. at 5. Defendants do not contend that the Stay Order prohibits Plaintiff from seeking DMCA takedown counternotices but seek clarification on whether they can oppose the counternotices. *Id.* In particular, Defendants assert that "restoration of [the infringing] content will cause significant and immediate harm to his personal, family, and professional life." *Id.* at 6. Without the Court's clarification, Defendants posit that (1) Plaintiff would obtain the "very relief" Plaintiff is seeking in the Motion for Preliminary Injunctive Relief as the infringing content would be restored or (2) Defendants would be at risk of violating the Stay Order. *Id.* at 2.

In opposition, Plaintiff states that the Stay Order does not explicitly preclude Plaintiff from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-00569-MEMF-KES | Date | November 13, 2025 |
|---|---|---|---|
| Title | *USA Herald LLC v. John Monarch et al* | | |

submitting counternotices and emphasizes that the Stay Order is only "limited to Plaintiff posting new photos or images of Defendant." Opp. at 5. Importantly, Plaintiff explains how the Stay Order only precludes Defendants from issuing DMCA takedown requests and thus, Defendants will not suffer prejudice from opposing the counternotices. *Id.* at 5.

Plaintiff further contends that Defendant is requesting the Court to make "general assertions" on "hypotheticals" which constitute "advisory opinions." Opp. at 2; *See Flast v. Cohen*, 392 U.S. 83, 94 (1968) (holding federal courts limited jurisdiction is limited to "cases" and "controversies"); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (holding that federal courts cannot issue advisory opinions).

Lastly, Plaintiff argues that Defendants have failed to produce evidence of prejudice or harm beyond conclusory statements or theoretical arguments. *Id.* at 6-7. Plaintiff claims Defendants fail to explain how the restored content would cause reputational damages and therefore, contend that Defendants fail to meet their burden for ex parte relief. *Id.*

As a threshold matter, Defendants have not shown they will suffer irreparable harm that requires ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Defendants claim the content at issue will damage "business and personal relationships" but do not specify or provide evidence as to how the content will affect those relationships. More importantly, they do not explain how the absence of an explicit order prohibiting counternotices or permitting oppositions to counternotices will cause irreparable harm. As such, the Court finds that Defendants have failed to meet their burden for ex parte relief.

The Court also determines that the Stay Order expressly limits Defendants from submitting DMCA takedown requests. The Stay Order does not preclude Defendants from conduct beyond submitting DMCA takedown requests counternotices. As such, the Court concludes that the Stay Order sufficiently sets forth the obligations of the parties and finds that ex parte relief is not warranted.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby ORDERS that Plaintiff's Ex Parte Application is DENIED.

**IT IS SO ORDERED.**

Initials of Deputy Clerk _____